UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

DALE D. GOLDSCHLAG,

           Debtor.

Chapter 11

Case No. 24-10297 (PB)

---

**ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF
RK CONSULTANTS, LLC AS FINANCIAL ADVISORS FOR THE DEBTOR
AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[1] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (the "**Order**") authorizing the Debtor to retain RK Consultants, LLC ("**RK**") as financial advisors effective as of the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and the Court having reviewed the Application and the Pasternak Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

any objections to the relief requested herein having been withdrawn or overrules on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtor is authorized to retain and employ RK as its financial advisors effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3. RK is authorized to provide the Debtor with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, the services being provided by RK prior to and during this Chapter 11 case include the following:

    a. supporting the development of restructuring plans, financing, and strategic alternatives for the Debtor;

    b. preparing various financial analyses to support restructuring alternatives including liquidity forecasts, expense levels and others as necessary;

    c. preparing financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

    d. providing advice to on cash conservation measures and liquidity forecasting after analyzing Debtor cash flows;

    e. advising the Debtor relative to negotiating with existing lenders and stakeholders;

    f. participating in advisor calls as necessary;

    g. assisting the Debtor with the communication and negotiation with various third parties to support restructuring alternatives;

    h. assisting predation of information and analysis necessary for the confirmation of a plan and related disclosure statement in this Chapter 11 proceeding;

    i. preparing financial information for the Debtor, including, but not limited to, budgets, business plans, cash receipts, and disbursement analysis, asset, and liability analysis;

   j. performing other services as requested or directed by the Debtor, or other personnel of the Debtor as authorized by the foregoing and agreed to by RK; and

   k. assisting the Debtor with activities relating to this Chapter 11 case including, as appropriate, testimony if requested.

  4. RK shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

  5. RK shall provide ten business-days' notice to the Debtor, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code.

  6. The Debtor and RK are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

  7. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

  8. To the extent the Application, Knechtel Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

  9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

  10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: April 30, 2024

                        /s/ Philip Bentley
                        **Hon. Philip Bentley**
                        **United States Bankruptcy Judge**

4

**<u>Exhibit 1</u>**

**RK Engagement Letter**

**RK | Consultants**

1178 Broadway
3rd Floor #1505
New York, NY 10001
RKC.LLC



January 29, 2024

Dale D Goldschlag
295 Madison Avenue 28th Floor
New York, NY 10017

RE: **Agreement for the Retention of RK Consultants in Connection With Contemplated Bankruptcy Filings**

Dear Dr. Goldschlag:

This letter agreement (the "Agreement") sets forth our understanding of the consulting services to be provided by RK Consultants LLC ("RKC" or "we" or "our") to Dale D Goldschlag the "Client") ("Client" or "you" or "your"). This Agreement as prepared based on RKC's understanding and its experience in assisting other clients for similar purposes. The effective date of this engagement will be the day that the Retainer (defined herein below) is received by RKC.

1. **SCOPE OF SERVICES**

We understand that Client desires to engage RKC to provide certain consulting services to it, in connection with your request for certain consulting services to provide financial analysis of his owned companies, real estate holdings, and personal finances.

The provision of consulting services may consist of in-person meetings, review and analysis of documents, data analytics, review of electronically stored information, discussions by telephone, and other services as may be directed or requested. You and your counsel will be responsible for determining any legal strategy and for determining the services requested of RKC consistent with your strategy (collectively, the "Services").

RKC will provide the following Services, as requested by you and agreed to by RKC:

- Assist you in the preparation of the Client filing for chapter 11 (Subchapter V if feasible) of the US Bankruptcy Code;
- Assist in the preparation of personal federal and state income tax returns;
- Assist in the preparation of corporate federal and state income tax returns that are part of the clients personal income tax returns;
- Assist with the determination of value and the potential liquidation analysis for the proposed Debtors' Plan to be filed with the Court;
- Assist in the preparation of the financial and cash projections for the Client' Plan to be filed with the Court;
- Assist in the review and estimation of potential claims and amounts due by the Client;
- Assisting in preparing a Chapter 11 Plan;

- Providing such other advice as may be necessary in connection with Client filing for Chapter 11, Subchapter V, including the Debtors' monthly operating reports, first day motions or in connection with this Subchapter V case and any related proceedings; and

- Provide advice and recommendations with respect to other related matters the Client may request from time to time, as agreed to by RKC.

The above list is not all inclusive.

To assist with the Services, RKC may require certain files and documents from the Client. Additionally, the Client agrees to cooperate with RKC and provide all information and/or documents necessary for the effective performance of the Services. Our services are not intended to determine whether any crime had been committed, nor whether the Company had violated any federal, state, or other governing bodies compliance requirements.

If circumstances arise relating to the conditions of the records, the availability of sufficient, relevant data or indications of fraudulent financial reporting, or misappropriation of assets, which in RKC's professional judgment prevents RKC from completing the engagement, RKC reserves the unilateral right, upon prior written notice to you to take any course of action permitted by professional standards including withdrawal from this Agreement. It is understood that the engagement of RKC cannot be relied upon to disclose errors, fraud, or illegal acts that may exist, however, RKC will inform you if any such matters come to our attention.

RKC will notify the you if it encounters matters that exceed the scope of this Agreement, and in that case, if you and the Client agree, such additional services shall be performed under an amendment to this Agreement or a separate engagement agreement. Moreover, this engagement does not include any services not specifically identified in this Agreement, and any additional services requested by the you will be subject to a separate written understanding for previously negotiated fees before the additional services are commenced. With respect to any such future engagement, RKC will conduct a conflict check, if appropriate.

## 2. PROFESSIONAL STAFF AND FEES

Our work in connection with this matter will be conducted primarily by Brian Jordan. He may be assisted by additional professional staff and industry experts, as required.

Fees for the Services, which are adjusted at least annually, are based on the amount of time expended by our personnel at hourly rates for this type of work plus reasonable expenses as incurred. Hourly billing rates for our professionals are currently as follows:

| | |
|---|---|
| Brian Ryniker | $500 |
| Karl Knechtel | $450 |
| Jerry D'Amato | $325 |
| Jim Fasolino | $300 |
| Associates | $100 - $400 |

Our billings for services rendered and out-of-pocket expenses incurred will be submitted to you monthly and are due and payable on receipt. It is understood and agreed that the Client is solely responsible for the payment of RKC's fees. Our fees are not contingent for any reason.

**RK | Consultants**
**January 29, 2024**

We will present our invoices in summary fashion, supported by details of time and expense activity. Services will be suspended until payment is received on invoices not paid timely. All invoiced fees must be paid prior to issuance of any tax returns.

RKC's invoices will also include reasonable and customary charges for costs and expenses without markup ("Expenses").  Such costs and expenses will include, among others, charges for messenger services, air couriers, photocopying, court fees, travel expenses (at coach class), postage for large mailings, conference line services, computerized legal research, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.  Non-working travel time is billed at half of a professional's hourly rate.

In the event that any undisputed Fee or Expense is not paid as required by this Agreement, RKC will have the unconditional right, in its sole discretion, at any time, to discontinue further Services under this Agreement.  In the event of any termination of this Agreement, for whatever reason, it is agreed that RKC shall be entitled to any Fees and Expenses earned prior to that point.

3. **RETAINER**

Prior to the commencement of the Services, the Client shall pay RKC a retainer of $25,000 by wire transfer (the "Retainer").  The Retainer is due upon the Client's execution of the Agreement. The Retainer is not intended to be an estimate for the total cost of the work to be performed. We will draw upon the Retainer no earlier than three (3) days after the invoice date to satisfy amounts due under this engagement. Upon presentation of our invoices, the Client will replenish the Retainer to the original amount by wire transfer, so that the Retainer never falls below $10,000. Following completion of the engagement, we will apply the Retainer to any final bills and if there is a surplus remaining, we shall return the unused portion of the Retainer, if any, to the Client, however, if there is a short fall, the Client shall be responsible for paying same within fifteen (15) days from final invoice net of application of the Retainer.

4. **TERM AND TERMINATION**

This Agreement may be terminated at any time by either party upon five (5) days' prior written notice of termination to the other party.  The expiration or termination of this Agreement shall not affect any provisions of this Agreement, which provisions shall survive any termination hereof, other than the provisions of Section 1 above, or (ii) RKC's right to receive, and the Client's obligation to pay, any and all fees, expenses, and other amounts due, as set forth herein.

5. **E-MAIL COMMUNICATIONS**

In connection with this engagement, RKC may communicate via e-mail transmission.  As e-mails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that e-mails from RKC will be properly delivered and read only by the addressee.

Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure or communication of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection with the performance of this engagement.  In that regard, RKC shall have no liability for any loss or damage to any person or entity resulting from the use of e-mail transmissions including any consequential, incidental, direct, indirect, or special damages, or disclosure or communication of confidential or proprietary information.

RK | Consultants
January 29, 2024

### 6. INDEMNIFICATION/STANDARD OF CARE

As a material part of the consideration for the agreement of RKC to furnish the Services under this Agreement, the Client agrees; (i) to indemnify and hold harmless RKC and its affiliates, and their respective past, present and future directors, officers, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to RKC's engagement under, or any matter referred to in, this Agreement, and (ii) to reimburse each Indemnified Party for all expenses (including, without limitation, the reasonable and documented fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling, compromising or otherwise becoming involved in any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person or entity (including, without limitation, any shareholder or derivative action or any claim to enforce this Agreement), arising out of or related to such engagement or matter. However, the Client shall not be liable under the foregoing indemnification provision for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction, in a final and non-appealable judgment, to have resulted primarily from a material breach of this Agreement, or actual fraud, bad faith, willful misconduct or gross negligence of such Indemnified Party. For avoidance of doubt, any right, claim and entitlement for indemnity or otherwise authorized by this section shall be the sole obligation of the Client.

If any action, suit, proceeding or investigation or similar item is commenced as to which an Indemnified Party is entitled to indemnification hereunder, it shall notify Client with reasonable promptness; provided, however, that any failure to so notify the Client shall not relieve the Client from its obligations hereunder (except to the extent the Client is materially and adversely affected by such failure to be given notice). RKC shall have the right to retain counsel of its own choice to represent it, and the Client shall pay the reasonable fees, expenses and disbursements of such counsel; and such counsel shall to the extent consistent with its professional responsibilities cooperate with the Client and any counsel designated by the Client. The Client shall not without written prior consent of RKC, settle or compromise any claim against RKC, or permit a default or consent to the entry of any judgment in respect thereof, unless such settlement, compromise or consent includes as an unconditional term thereof, the giving by the claimant to RKC of an unconditional release from all liability in respect of such claim.

Notwithstanding the foregoing, in no event shall the Indemnified Parties be required to contribute an aggregate amount in excess of the amount of fees actually received by RKC from the Client pursuant to this Agreement.

The Client agrees that neither RKC nor any other Indemnified Party shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Client or any person or entity asserting claims on behalf of or in right of the Client arising out of or related to RKC's engagement under, or any matter referred to in, this Agreement, except for a material breach of this Agreement or losses, claims, damages or liabilities incurred by the Client which are finally judicially determined by a court of competent jurisdiction, in a final and non-appealable judgment, to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party.

The indemnity, reimbursement, and other obligations and agreements of the Client (i) shall apply to any modifications of this Agreement, which modification(s) shall have been delivered by the parties in a fully executed writing, (ii) shall be in addition to any obligation or liability which the

**RK | Consultants**
**January 29, 2024**

Client may otherwise have to any Indemnified Party, and (iii) shall survive the completion of the services described in, and any expiration or termination of the relationship established by, this Agreement. The Client agrees that RKC would be irreparably injured by any material breach of any such obligations or agreements, that money damages alone would not be an adequate remedy for any such breach and that, in the event of any such breach, RKC shall be entitled, in addition to any other remedies, to injunctive relief and specific performance, without the necessity of showing any actual damage or the posting of any bond or other security in connection therewith. For avoidance of doubt, the obtaining of any such injunctive relief or specific performance shall not prevent RKC from also seeking and obtaining any damages incurred as a result of such breach, either prior to or after obtaining such injunction.

7. **CONFLICTS OF INTEREST**

RKC has commenced a check for possible conflicts of interest and have not discovered any matters which we believe would raise a conflict of interest. If you are aware of any facts which may give rise to a conflict of interest, please contact us immediately. Also note that we have not been retained to represent any entity other than the Client noted in this letter.

As you know, RKC represents many companies and individuals. It is possible that during this engagement another client may have a dispute with or a matter adverse to the Client in matters unrelated to this engagement or any subsequent engagement of yours.  This will confirm that RKC may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to the Services being performed hereunder, unless the interests of such clients in those other matters are directly adverse to those of the Client.  It is agreed however, that the Client's prospective consent to conflicting representations contained in this paragraph will not apply in any instance where, as a result of RKC's representation of the Client, RKC have obtained proprietary or other confidential information of a non-public nature that, if known to such other client, could be used in any such matter by such client to CMS's material disadvantage.

8. **CHOICE OF LAW; JURY TRIAL WAIVER; JURISDICTION.**

**THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN NEW YORK. THIS AGREEMENT AND ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS. EACH OF RKC AND THE CLIENT (ON ITS OWN BEHALF AND, TO THE EXTENT PERMITTED BY APPLICABLE LAW, ON BEHALF OF ITS EQUITY HOLDERS) IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF RKC PURSUANT TO, OR THE PERFORMANCE BY RKC OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT.  REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE BROUGHT AND MAINTAINED IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE STATE COURTS OF THE STATE OF NEW YORK LOCATED IN THE COUNTY OF NEW YORK (COLLECTIVELY, THE "COURTS"), WHICH COURTS SHALL HAVE EXCLUSIVE JURISDICTION OVER THE ADJUDICATION OF SUCH MATTERS, AND AGREES TO VENUE IN SUCH COURTS.  EACH PARTY FURTHER**

**IRREVOCABLY SUBMITS AND CONSENTS IN ADVANCE EXCLUSIVELY TO SUCH JURISDICTION AND VENUE IN ANY ACTION OR SUIT COMMENCED IN THE COURTS, AND HEREBY WAIVES IN ALL RESPECTS ANY CLAIM OR OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS.  THE CLIENT AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION, SUIT OR CLAIM BROUGHT IN THE COURTS SHALL BE CONCLUSIVE AND BINDING UPON IT AND MAY BE ENFORCED IN ANY OTHER COURTS HAVING JURISDICTION OVER IT BY SUIT UPON SUCH JUDGMENT. THE CLIENT IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN ALL SUCH DISPUTES BY THE MAILING OF COPIES OF SUCH PROCESS TO THE CLIENT AT THE ADDRESS SET FORTH ABOVE, OR AS MAY DESIGNATED IN THE FUTURE BY THE CLIENT.**

9. **MISCELLANEOUS**

This agreement contains the entire agreement of the Parties, and it may not be changed orally, but only by a subsequent agreement in writing that is signed by the Parties.  This Agreement supersedes all prior agreements and all agreements made contemporaneously with the execution of this Agreement.  No representations, inducements, promises, agreements, arrangements, or undertakings between the Parties not embodied herein shall have any force or effect.  Any prior agreement or oral contemporaneous agreements may not be used to contradict, supplement, or explain this Agreement.  Nothing contained in this agreement constitutes or should be construed to be a promise or warranty of the outcome of this engagement, and you agree to hold RKC harmless and shall have no rights or claims against RKC for any outcome of this engagement. Lastly, you warrant and represent that you have the requisite authority and have been duly authorized to execute and bind the Client hereto.

**RK | Consultants**
January 29, 2024

\* \* \* \* \*

If the foregoing is in accordance with your understanding, please sign this where indicated and immediately return it to me. If you have any questions about the terms of this Agreement, please do not hesitate to call me to discuss them.

I am pleased to have the opportunity to be of service to the Client.

Very truly yours,

Karl Knechtel

**This engagement and its terms as set forth above are accepted and authorized on behalf of the Client as of the Effective Date**:

APPROVED AND ACCEPTED:


AGREED AND ACCEPTED:

Dale D Goldschlag

BY:_____