

**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 646-428-3124
E-MAIL: JSP@DHCLEGAL.COM

June 11, 2024

<u>*Via ECF PACER*</u>

Hon. Philip Bentley
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004
P: (212) 668-2301 | E: pb.chambers@nysb.uscourts.gov

Re:  *In re Dale D. Goldschlag*, No. 24-10297 (PB) (Bankr. S.D.N.Y.)
<u>First Horizon Failure to Engage in Loss Mitigation in Good Faith</u>

Dear Hon. Philip Bentley:

This Firm represents Dale D. Goldschlag (the "**Debtor**"), in the Chapter 11 bankruptcy matter that was filed and assigned to your honor on February 23, 2024 (Case No. 24-10297) (the "**Petition Date**"). On March 27, 2024, this Court entered an order directing the Debtor and First Horizon to loss mitigation in connection with the Debtor's mortgages for 240 Riverside Blvd, Apt. 17B, 17C, New York, NY 10069 (the "**Loss Mit Order**"). The mortgages currently subject to loss mitigation are with respect to the Debtor's primary residence.[1]

We write to you today to provide a status report on the Debtor's loss mitigation.

---

[1] The loans subject to the Loss Mit Order include Loan #1484423494 (Apt. 17B) and Loan #1484425036 (Apt. 17C). Each loan subject to the Loss Mit Order is in connection with the same space as the Debtor combined the two apartments and uses the combined space as the Debtor's primary residence.

June 11, 2024
Hon. Philip Bentley
Page 2

      Despite its statutory duty, First Horizon Bank ("**First Horizon**") has failed to properly engage in the loss mitigation process with the Debtor. First Horizon has continually created roadblocks and left a paper trail of misinformation to delay the mitigation process. For convenience, the Debtor provides the following timeline of First Horizon's improper denials and other related events:

- In October and November of 2022, First Horizon wrongfully ignored payments and inaccurately reported the Debtor's mortgage as "delinquent."

- On January 12, 2023, in response to correspondence from the Consumer Financial Protection Bureau, First Horizon acknowledged its error and updated the report on the mortgages.

- On September 1, 2023, First Horizon provided a letter that set forth the amount outstanding on the mortgage, the amount of interest paid by the Debtor in 2023, and the amount of money in escrow.

- On January 12, 2024, First Horizon notified the Debtor by mail that his "LOSS MITIGATION APPLICATION IS COMPLETE."

- On January 12, 2024, the Debtor received a second letter that held the mortgages were not eligible for loss mitigation.

- On March 4, 2024, the Debtor filed a request for loss mitigation with First Horizon.

- On March 27, 2024, the Loss Mit Order was entered.

- On April 4, 2024, First Horizon requested the Debtor to send the same documents it had reviewed in January for possible loss mitigation.

- On April 15, 2024, First Horizon sent a letter to the Debtor dated March 26, 2024, requesting additional documents and information that it had already received.

- On May 14, 2024, from First Horizon emailed the Debtor stating that the mortgage was "not presently active in loss mitigation."

      The continuous denials of First Horizon set forth above are without merit and demonstrate that First Horizon is not negotiating in good faith. The Debtor submitted a completed loss mitigation package to First Horizon Bank on multiple occasions with First Horizon Bank acknowledging its receipt most recently in January of 2024. In response to the completed package, First Horizon Bank was required to propose a solution to the problem. The Debtor never received

June 11, 2024
Hon. Philip Bentley
Page 3

such a solution, even after the Loss Mit Order was entered. Instead, the Debtor received backdated notices to enter into loss mitigation and a continual run-around.

Therefore, the Debtor respectfully requests that the Court require (a) an appearance by both the servicer and the lender at the June 20, 2024 status conference and (b) acknowledgment by the servicer/lender of completeness of the Debtor's loss mitigation package together with an offer from First Horizon Bank pursuant to its federal and state statutory requirements that includes, without limitation, the following: (i) a new principal amount of the mortgage; (ii) a similar interest rate to the rate offered when the parties entered the mortgage, and (iii) a schedule of added mortgage payments.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Jonathan S. Pasternak*
Jonathan S. Pasternak