

**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 646-428-3124
E-MAIL: JSP@DHCLEGAL.COM

October 7, 2024

<u>*Via ECF PACER*</u>

Hon. Philip Bentley
United States Bankruptcy Court
One Bowling Green
New York, NY 10004
P: (212) 668-2301 | E: pb.chambers@nysb.uscourts.gov

**Re:** *In re Dale D. Goldschlag*, No. 24-10297 (PB) (Bankr. S.D.N.Y.)
<u>Response to First Horizon's Loss Mitigation Status Report</u>

Dear Honorable Judge:

    This Firm represents Dale D. Goldschlag (the "**Debtor**") in the Chapter 11 bankruptcy matter that was filed and assigned to your honor on February 23, 2024 (Case No. 24-10297) (the "**Petition Date**"). On March 27, 2024, this Court entered an order directing the Debtor and First Horizon Bank ("**First Horizon**") to loss mitigation in connection with the Debtor's mortgages for his primary residence located at 240 Riverside Blvd, Apt. 17B-17C, New York, NY 10069 (the "**Loss Mit Order**").

    We write to you today to provide the Debtor's response to *First Horizon's Loss Mitigation Status Report* [Docket No. 100] (the "**First Horizon Status**").[1] As the Court may be aware, the Debtor is a dentist, who's practice was significantly interrupted by the COVID pandemic, and he suffers from the debilitating effects of Long-COVID. The Debtor has used his time in bankruptcy to reorganize his dental practice and finances and to try and improve his health. While he continues to suffer from Long-COVID, his income has started to increase. The Debtor therefore requests this

---

[1] Please note that while the status report was initially due on Friday, October 4, 2024, upon Debtor's request, owing to the recent Jewish holidays, the Court extended the deadline to today.

October 7, 2024
Hon. Philip Bentley
Page 2

Court extend the loss mitigation and authorize a 90-day trial modification period for the Debtor to commence making monthly payments at the contract rate in connection with the mortgages on the Debtor's primary residence.[2]

The Debtor also seeks an extension of the loss mitigation to, *inter alia*, timely file his 2023 tax returns. Owing to the disruptions in his business and health, Mr. Goldschlag has had difficulty in preparing his 2023 taxes. Currently, however, all returns are in the process of being finalized and the Debtor anticipates filing his return prior to the October 1, 2024 extension deadline. An extension of the loss mitigation to allow the Debtor an opportunity to provide his 2023 returns is therefore warranted, especially, as here, where (i) the cause of the delay was out of the Debtor's control, (ii) the Debtor is reporting significant post-petition income, and (iii) filing and delivery of the taxes is imminent.

Further, the Debtor has also submitted numerous Formal Requests for Reasonable Accommodation to restructure the loan under the American with Disabilities Act (ADA) as a result of his diagnosis of Long-COVID. The Debtor's diagnosis is in conjunction with his permanent and well-documented lung issues that have negatively affected him and his practice during most of the 2023 calendar year. To date, First Horizon has failed to respond to any of the Debtor's requests for Reasonable Accommodation. The Debtor believes that the ADA obligates First Horizon to respond to and mitigate his submission prior to terminating loss mitigation.

The Debtor also requests an extension of loss mitigation because First Horizon has failed to properly engage in good faith in the loss mitigation process with the Debtor. First Horizon has consistently denied Mr. Goldschlag from the loss mitigation process or continually added more and more demands as this Court and the parties have proceeded through the process. Notwithstanding these ever-expanding and onerous requests, the Debtor has attempted to comply with each request. Despite his responsiveness, additional requests continue to be made. For example, in response to the 2023 tax returns nearing completion, First Horizon requested additional tax returns and profit/loss statements from non-debtor entities that are irrelevant with respect to the Debtor's current income. This is yet another example of First Horizons' endless paper trail of misinformation to burden and delay the mitigation process.[3]

Lastly, and perhaps most importantly, owing to the Debtor's efforts to restructure his finances, and his return to a modicum of health, the Debtor's *Chapter 11 Monthly Operating Report for Month Ending: 07/31/2024* [Docket No. 54] and *Chapter 11 Operating Report for the Month Ending: 08/31/2024* [Docket No. 79] disclose significant revenues generated by the Debtor.

---

[2]  The loans subject to the Loss Mit Order include Loan #1484423494 (Apt. 17B) and Loan #1484425036 (Apt. 17C). Each loan subject to the Loss Mit Order is in connection with the same space as the Debtor combined the two apartments and uses the combined space as the Debtor's primary residence.

[3]  During the three (3) years leading up to the Debtor's personal bankruptcy, the Debtor attempted to modify the mortgage, and in response, First Horizon continuously requested overly broad and burdensome information in a bad faith attempt to deny the Debtor loss mitigation.

October 7, 2024
Hon. Philip Bentley
Page 3

As stated in the First Horizon Status, the Debtor is "generating cumulative post-petition gross income of $162,098.00." Given that the Debtor is now beginning once again to generate revenue, the Debtor believes that he can commence making payments regarding the loan. Therefore, the Debtor seeks continuation of loss mitigation in order to implement a trial modification period of 90 days. Such a delay will not only benefit the Debtor but will also permit First Horizon to start receiving payments on the loan.

      This letter is without prejudice to all rights, remedies, and defenses at law and in equity, of the Debtor, all of which are expressly reserved.

      Thank you for your consideration of this matter.

      Respectfully submitted,

      */s/ Jonathan S. Pasternak*
      Jonathan S. Pasternak