

**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 914-381-7400
E-MAIL: JSP@DHCLEGAL.COM

July 14, 2025

Hon. Philip Bentley
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

      Re:    *In re Dale D. Goldschlag* (the "Debtor"), Case No. 24-10297-PB (SDNY)

Hon. Judge Bentley:

      As you know, we represent the Debtor in the above-referenced matter. We are delivering this letter pursuant to General Order M-634 dated May 31, 2024 (the "General Order M-634"). As you may also know, we have recently filed on behalf of the Debtor his: (i) *Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Plan Confirmation Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballot; and (V) Granting Related Relief* [ECF Docket No. 220] (the "Motion"), (ii) disclosure statement (the "Disclosure Statement") [ECF Docket No. 219], and (ii) plan of reorganization (the "Plan") [ECF Docket No. 218], all on June 27, 2025.

      We now understand that, among other things, General Order M-634 requires that prior to filing a motion for a combined disclosure statement and plan confirmation hearing, like the Motion, that the proponent must first file "a request on the docket of the case that the Court hold a conference for the purpose of discussing the plan proponent's intention to file such a motion." General Order M-634 at ¶ (c). We now hope for this letter may serve as the required request for such a conference to be held, if at all, at the Court's earliest discretion.

      In addition, we also understand that a General Order M-634 request must also, among other things, state the reasons for seeking such relief. As the Motion makes clear, in accordance with a prior stipulation with his lender, First Horizon, which provides for loan modifications on his

July 14, 2025
*In re Dale D. Goldschlag*
Page 2

combined 2-unit primary residence, the reduced loan payments are to commence upon confirmation of the Plan. Pending confirmation, the Debtor is required to make monthly adequate protection payments in a significantly higher amount. Expedited confirmation is therefore needed to ease the financial burden on the Debtor who is now and finally ready to reorganize and exit Chapter 11.

The Plan provides for full payment of the Allowed Administrative Claims, Allowed Priority Claims, Statutory Fees, a consensual resolution of the secured claims of First Horizon, and a distribution to unsecured creditors over the term of the Plan. Given that the Debtor has settled with his secured creditor, the Debtor does not expect to have a contested confirmation hearing.

In addition, pursuant to the disclosure requirements of General Order M-634:

(A) The Debtor will seek to confirm the Plan pursuant to 11 U.S.C. § 1129(b) in the event that the requirements of 11 U.S.C. § 1129(a)(8) are not satisfied because at least one class of claims or interests has voted to reject the Plan or is deemed not to have accepted the Plan under 11 U.S.C. § 1126(g);

(B) The Plan does not seek to obtain: (1) consent to the waiver of any right or claim of any party in interest against any non-debtor party, including, but not limited to, deemed consent to a release or injunction of any right or claim of any party in interest against any non-debtor party, or (2) a non-consensual release or injunction of any right or claim of any party in interest against any non-debtor party;

(C) The Plan does not provide for different treatment depending on whether the applicable class or parties in interest vote to accept or reject the Plan;

(D) The Plan does not settle any claims of the Debtor's estate against "insiders", as defined in 11 U.S.C. § 101(31), or by insiders against the Debtor's estate;

(E) The Plan does not seek to settle any claims against any third party without such party's consent or with such party's deemed consent;

(F) The Plan does not seek to expedite or limit the solicitation of acceptances of the Plan and/or the notice periods for consideration of the Disclosure Statement and confirmation of the Plan under Fed. R. Bankr. P. 2002 and 3017; and/or

(G) The Motion does seek to obtain the Court's conditional approval of the proposed Disclosure Statement before its service on parties in interest, the solicitation of ballots, and notice of the combined hearing on the proponent's request for final approval of the Disclosure Statement and confirmation of the Plan. The Debtor believes that such conditional approval is not prejudicial

July 14, 2025
*In re Dale D. Goldschlag*
Page 3

in this instance as the various parties will still have an opportunity to object to the Disclosure Statement prior to its approval.

General Order M-643 also states, in section (ii), that the Court may in its discretion determine not to hold a conference under paragraph (c) before the filing of a motion under paragraph (b) of these Guidelines upon the Court's satisfaction with the information provided in any request made in accordance therewith.

While the Motion has been filed, it has not yet been served. In accordance with General Order M-643, if this request is approved, whether after a conference or such conference is waived by the Court, we will file the Motion again on the docket and serve the Motion on the Office of the United States Trustee for Region 2, the Debtor's twenty (20) largest unsecured creditors, and all parties who have formally requested notice and service in the case, all in accordance with General Order M-634. The notice will provide prominently that the Court may grant the Motion if no objection thereto is filed and served in the manner described herein.

We apologize for filing the Motion in advance of this request but hope that this letter may serve as the required request pursuant to General Order M-634. Further, we ask that if the various information required by General Order M-634 and contained herein is found to be sufficient, that that Court will waive the requirement for a conference, that the Court will permit the Motion to be re-filed, and that the Court will proceed by setting a time and date for the Motion to be heard.

Otherwise, we are happy to attend any conference that is determined to be held on this request.

Respectfully,

*/s/ Jonathan S. Pasternak*
Jonathan S; Pasternak